**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT ROSS WATSON, )
)
Plaintiff, )
)
v. ) Case No. 4:19-cv-03340-SPM
)
UNITED STATES DEPARTMENT OF )
VETERANS AFFAIRS ("VA"), )
)
Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's Motion to Dismiss for Lack of Jurisdiction. (Doc. 6).[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 9). For the following reasons, the motion will be granted.

## I. BACKGROUND

Plaintiff Robert Ross Watson, who is proceeding *pro se*, filed his Complaint against the U.S. Department of Veterans Affairs ("VA") on December 27, 2019. (Doc. 1). Although the allegations in the Complaint are not at all clear, Plaintiff appears to be alleging problems related

[1] Plaintiff named the "VA" (the United States Department of Veterans' Affairs) as the defendant in this case. However, as the United States points out in its Memorandum in Support of Motion to Dismiss, Plaintiff's claim arises under the Federal Tort Claims Act, which only authorizes suits against the Federal Government in the name of the United States of America and not the specific federal agency. *See* 28 U.S.C. § 1346(b)(1); *Metter v. U.S. Army Corps of Eng'rs*, 9 F. Supp. 3d 1090, 1096 (D. Neb. 2014) (substituting the United States in place of for the United States Army Corps as the defendant in an FTCA action, because "the United States is the only proper defendant in an FTCA action"), *aff'd sub nom. Metter v. United States*, 785 F.3d 1227 (8th Cir. 2015).Thus, the United States requests that if this Plaintiff's Complaint survives the motion to dismiss, the Court substitute the United States as a party. Because the Court agrees is dismissing the case for lack of subject matter jurisdiction, the Court will not reach this issue.

to medical care he received from the VA: he alleges that he contracted a fungal infection, that he "could not get help from [a] provider after hours" and that "emergency would not see [him]"; that his "scrotum was bloody each night"; and that the "Egyptian Doctor, when he saw me he got drugs." He also alleges that "someone flagged [him] as a problem case." He states that he "want[s] to sue the Veterans Hospital for the hurt and lost of my family." Compl., Doc. 1, at 6. In his Civil Cover sheet, he indicates that he is bringing a "Personal Injury – Medical Malpractice" claim. Civil Cover Sheet, Doc. 1-4. Defendant also attaches to the instant motion a version of the Complaint that it asserts was served on it; that version contains another page of allegations, including allegations related to substandard hearing aids and glasses, as well as grievances related to parking lots and the number of windows at "JB." *See* Def's Ex. A, Doc. 7-1, at 12.

In the instant motion to dismiss, Defendant United States argues that this Court lacks subject matter jurisdiction over this action, because Plaintiff has not exhausted his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"). In support of its assertion that Plaintiff has not exhausted his administrative remedies, Defendant submits the affidavit of Kyle D. Beesley, a paralegal specialist in the Office of General Counsel, Department of Veterans Affairs. (Def's. Ex. B, Doc. 7-2). Defendants have submitted a declaration from Kyle Beesley, a Paralegal Specialist in the Tort Laws Group of the Office of General Counsel. Def.'s Ex. Beesley declares that when FTCA claims are filed with the VA, they are forwarded to the Office of General Counsel and entered into tort case-tracking databases. Beesley states that he reviewed the applicable tort case-tracking databases and could not locate any tort claim concerning a Robert Watson or Watson, Robert. Beesley also states that there is no record that Plaintiff submitted a Standard Form 95, Claim for Damage, Injury or Death (SF-95) form, or appropriate substitute, to the Department of Veterans Affairs.

Plaintiff was given additional time to file a response to the motion to dismiss, but he did not do so.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction. "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a factual attack, the 'non-moving party does not have the benefit of 12(b)(6) safeguards.'" *Id.* If the movant brings a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017); *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

Here, Defendant raises a factual challenge to the Court's subject matter jurisdiction, so the Court must consider the affidavits and exhibits in the record and determine whether Plaintiff has shown by a preponderance of the evidence that jurisdiction exists.

## III. DISCUSSION

Under the doctrine of sovereign immunity, the United States and its agencies are immune from suit unless sovereign immunity has been waived. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "'Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts its agents commit in the course of

their employment." *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007) (quoting *C.R.S. by D.B.S. v. United States*, 11 F.3d 791, 795 (8th Cir. 1993); 28 U.S.C. § 2674; & 28 U.S.C. § 1346(b)). "[T]he FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). *See also Daniels v. United States*, 135 F. App'x 900, 901 (8th Cir. 2005) ("The FTCA provides a limited waiver of the United States' sovereign immunity when certain jurisdictional prerequisites are met.") (citing 28 U.S.C. §§ 2674-75).

One of the prerequisites imposed by the FTCA is an administrative exhaustion requirement. Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a) (emphasis added). It is well-established that the administrative exhaustion requirement set forth in section 2675(a) is a jurisdictional prerequisite that must be satisfied before a claimant may file suit against the United States in District Court. *See, e.g.*, *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) ("We have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court.") (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009), & *Lunsford v. United States*, 570 F.2d 224 (8th Cir. 1977)). *See also McNeil v. United States*, 508 U.S. 106, 111-112 (1993) (holding that the district court properly dismissed action for lack of jurisdiction where the

plaintiff had not exhausted administrative remedies under § 2675(a) prior to filing suit; stating, "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Bellecourt*, 994 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."). Under the relevant regulation, "a claim shall be deemed to have been presented" if the relevant agency receives either "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a).

Plaintiff does not allege in his Complaint that he ever presented his claim to any federal agency in any form or that the claim was denied, nor does he attach an executed Standard Form 95 or any other written documents to his Complaint indicating that he ever presented his claim to any federal agency. Further, Defendant has presented evidence that Plaintiff did not present his claims to the VA before filing the instant lawsuit: the affidavit of Mr. Beesley stating that he could find no record that Plaint submitted an appropriate claim form and could find no record of a claim concerning Plaintiff in the applicable tort case-tracking databases.

In light of the above evidence, Plaintiff has not shown that he complied with administrative exhaustion requirement of section 2675(a) before filing his complaint with this Court. Thus, this Court lacks jurisdiction over Plaintiff's claims, and his Complaint must be dismissed.

## IV. CONCLUSION

For all of the above reasons, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction. (Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, without prejudice. A separate Order of Dismissal in accordance with this Memorandum and Order will be entered this same date.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of April, 2020.